UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Prince Charles Cotten, Sr., aka                           Case No. 3:25-cv-54
Charles D. Cotton,

                      Petitioner,

        v.                                                MEMORANDUM OPINION
                                                              AND ORDER

Warden George A. Frederick,

                      Respondent.


I.       BACKGROUND

        This is Mr. Cotten's seventh attempt to challenge his 1976 conviction in Richland County,

Ohio on charges of aggravated murder, felonious assault, and forgery.  He filed at least five prior

Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2254 contesting this same conviction.  *See*

*Cotten v. Marshall*, No. 85-3925, 1986 WL 16893 (6th Cir. April 17, 1986); *Cotten v. Mack*, No. 1:00

CV 1680 (N.D. Ohio Sept. 14, 2000); *Cotten v. Houk*, No. 1:05 CV 2560 (N.D. Ohio Jan. 20, 2006);

*Cotten v. Turner*, No. 3:13 CV 1760 (N.D. Ohio Nov. 27, 2013); *Cotten v. Lazaroff*, No. 1:15 CV 856

(N.D. Ohio July 8, 2015).  Three of those Petitions were transferred to the Sixth Circuit Court of

Appeals for permission to file a successive Petition. All three requests were denied.  In an attempt to

avoid the bar on successive Petitions, he characterized his sixth Petition as one arising under 28

U.S.C. § 2241.  *See Cotten v. Marques*, No. 1:19cv243 (N.D. Ohio June 28, 2019).  All habeas Petitions

filed by a state prisoner to contest a state court conviction are governed by 28 U.S.C. §2254,

regardless of the statutory label the prisoner places on the Petition.  That Petition was also

transferred to the Sixth Circuit for permission to proceed with a successive Petition.  The Sixth Circuit denied the request.

## II.    ANALYSIS

Cotten now attempts to circumvent the successive Petition restriction by labeling this action as a "Request for Leave to File a 60(b) Relief from Judgment."  (Doc. No. 1).  The judgment from which he seeks relief, however, is his 1976 state court conviction and sentence, which has been the subject of his other six habeas Petitions.  Federal Rule of Civil Procedure 60(b) is not an alternate remedy to a Petition under 28 U.S.C. § 2254 and cannot be used to collaterally attack a state court criminal judgment.

Furthermore, a civil action cannot be initiated in federal court with a Rule 60(b) Motion.  A Rule 60(b) Motion is a post judgment Motion that is filed in an existing federal court action to contest the judgment issued in that case.  It does not provide a standalone cause of action for a new case, and therefore does not provide an independent source of federal subject matter jurisdiction.  Cotten has not established a basis for federal court subject matter jurisdiction, and the case is not properly before this Court.

Cotten also filed a motion to proceed *in forma pauperis*.  (Doc. No. 2).  Because Cotten currently is incarcerated, he is required to "submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  He did not do so and, therefore, I deny his motion to proceed *in forma pauperis*.

## III.    CONCLUSION

Accordingly, I deny Cotten's motion to proceed *in forma pauperis* and deny his motion for leave to file a Rule 60(b) motion.  (Doc. Nos. 1 and 2).  All other pending Motions are denied as moot.  (*See* Doc. Nos. 3, 4, and 7).

2

I certify pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

This case is dismissed.


So Ordered.


s/ Jeffrey J. Helmick
United States District Judge